438 So.2d 932 (1983)
Ardis F. HEIMAN, Appellant,
v.
CAPITAL BANK, Caeser O. Casilelles, Heiman, Krieger, Freidin & Silber, P.A., and Consolidated Oil Company, Appellees.
No. 82-263.
District Court of Appeal of Florida, Third District.
October 4, 1983.
Rehearing Denied November 2, 1983.
*933 Silver, Levy & Hershoff and Jay Levy, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Richard G. Garrett and Mark D. Bloom, Miami, for appellees.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
BASKIN, Judge.
Mrs. Heiman, surviving spouse of Eugene Heiman, sought to have her condominium declared exempt from forced sale under homestead provisions of the Florida Constitution, Article X, section 4. She maintained that her husband's right to homestead protections as the head of the family, descended to her even though she took title to the condominium in her name alone. Finding that Mrs. Heiman had proved all other elements required to establish homestead, the trial court denied her petition to set aside the property as homestead, on the ground that record title was essential. We disagree and reverse.
Record title is not a prerequisite to a finding that property is homestead. Homestead status may derive from the husband's beneficial interest as head of the family in a marital home titled in his wife's name, Beall v. Pinckney, 150 F.2d 467 (5th Cir.1945); Pasco v. Harley, 73 Fla. 819, 75 So. 30 (1917), so that upon his death the surviving wife may obtain the benefits in the form of exemption from forced sale. Mrs. Heiman is entitled to demonstrate that her husband retained a beneficial interest in the condominium sufficient to have the property designated homestead even though her name appeared on the deed. If the property qualified as homestead on the date of her husband's death, Mrs. Heiman is entitled to the homestead exemption.
The bank urges us to dismiss the appeal. It argues that the appeal is moot or that Mrs. Heiman waived her homestead exemption when she paid the bank's judgment from proceeds of the sale of the condominium. We reject the bank's request. A sale forced by an impending execution of judgment cannot be deemed voluntary for the purpose of constituting a waiver. The action is not moot because the trial court may, upon appropriate application, order restitution following our reversal of its erroneous ruling. Mann v. Thompson, 118 So.2d 112 (Fla. 1st DCA 1960). An appeal is not necessarily moot merely because a party failed to obtain a stay and the judgment has been enforced. Lonergan v. Lippman, 406 So.2d 1124 (Fla. 1st DCA), cert. denied, 418 So.2d 1279 (Fla. 1982).
For these reasons we deny appellee's motion to dismiss and reverse and remand with directions to the trial court to determine whether Mrs. Heiman demonstrated that her husband retained a beneficial interest in the condominium. If so, she is entitled to homestead protections.
Reversed and remanded.