In re Jesse M. HILSEN, Debtor.

Marc Stuart GOLDBERG, Trustee of
the Estate of Jesse M.
Hilsen, Plaintiff,

v.

Rita HILSEN, Defendant.

Bankruptcy No. 87 B 11261 (CB).
Adv. No. 89–5475A.

United States Bankruptcy Court,
S.D. New York.

June 8, 1989.

Marc Stuart Goldberg, P.C., New York City (Marc Stuart Goldberg, of counsel), for the Trustee.

Leo Fox, New York City (Leo Fox, of counsel), for Rita Hilsen.

Teitelebaum, Braverman & Borges, Attys., Great Neck, N.Y. (Richard Braverman, of counsel), for debtor.

Lawrence B. Goldberg, New York City (Lawrence B. Goldberg, of counsel), for State Court Receiver.

Rosenberg & Estis, P.C., New York City (Evelyn Harrison Seeler, of counsel), for Westminster House.

### BENCH MEMORANDUM ON TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

CORNELIUS BLACKSHEAR,
Bankruptcy Judge.

The instant decision concerns the Trustee's motion for partial summary judgment based on a complaint to compel turnover of property of the estate and for a declaration respecting defendant's spouse's rights in certain property of the estate.

### Facts

Jesse M. Hilsen (hereinafter the "Debtor") and Rita Hilsen (hereinafter the "defendant") were married on April 10, 1965. They had two daughters, Nicole and Daryl, and a son, Erik.

The debtor commenced a matrimonial action by service of a summons and verified complaint in which he requested a judgment of divorce and various related relief. The defendant interposed an answer denying the essential allegations of the complaint, counterclaimed for a divorce and requested that the court grant equitable distribution of the marital property.

The trial of the matrimonial action was conducted during February and March 1987 before Honorable Miriam J. Altman, Justice, Supreme Court of the State of New York, County of New York.

On March 6, 1987, two days after the conclusion of the trial, Justice Altman rendered an order (the "March 6, 1987 Order") which, *inter alia*, appointed a Receiver and directed that he sell three properties owned by the parties, namely Apartment 9F at 35 East 85th Street, City and State of New York (the "85th Street Apartment"); Apartment 11A at 55 East 86th Street, City and State of New York (the "86th Street Apartment"); and the building at 1449 Lexington Avenue, City and State of New York ("1449 Lexington Avenue"). Debtor was the exclusive owner in fee of the 86th Street Apartment and was also the exclusive owner of the stock and had exclusive rights in the proprietary lease appurtenant thereto respecting the 85th Street Apartment.

The March 6, 1987 Order was appealed only as to the sale of 1449 Lexington Avenue; the March 6, 1987 Order was subsequently affirmed.

On June 30, 1987, the Receiver made a motion for an order directing the Debtor to vacate 1449 Lexington Avenue. The determination of said motion was delayed as a result of the filing of the debtor's chapter 11 petition on July 1, 1987.

The State Court was permitted to render a decision and judgment on all issues then *sub judice* pursuant to a stipulation reached by the parties to the bankruptcy proceeding in open court before Judge Brozman, sitting in this Court's absence, and "So Ordered" on July 29, 1987. Among the issues *sub judice* was the nature and extent of each party's respective interest in the 85th and 86th Street Apartments.

Justice Altman rendered the trial decision on April 28, 1988 (the "Decision"). Thereafter, the substance of the Decision was embodied in Findings of Fact and Conclusions of Law and the Divorce Judgment which were dated August 3, 1988 and entered August 23, 1988.

The Divorce Judgment, as far as this Court is concerned, declared the defendant spouse to be the sole owner of the 85th Street Apartment and to be the owner of a fifty (50%) percent interest in the 86th Street Apartment, among other relief.

By order of this Court dated November 16, 1988, debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code. Plaintiff was appointed successor trustee of the Estate of the debtor on February 7, 1989, pursuant to § 703(b) of the Bankruptcy Code.

The instant motion for partial summary judgment seeks to declare that the 85th and 86th Street Apartments are exclusive property of the estate and that the defendant spouse be declared a general unsecured creditor of debtor's estate with respect to the 85th and 86th Street Apartments.

### *Discussion*

The bankruptcy court is one of narrowly circumscribed jurisdiction. It functions only to the extent necessary to protect the debtor, its creditors, or the estate. A bankruptcy court is not a court of general jurisdiction where any matter involving a present or former debtor may be adjudicated. *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). "A bankruptcy court should not assume jurisdiction over a matter that does not [necessarily] involve the administration of or property of a bankrupt estate." *In the Matter of Palmer*, 78 B.R. 402, 405 (Bankr.E.D.N.Y.1987) *quoting In re Ennis*, 50 B.R. 119, 121 (Bankr.Nev.1985).

As the Supreme Court explained in discussing the Bankruptcy Act of 1898:

... Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some Federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

*Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) *quoting Lewis v. Manufacturers National Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961).

■ Furthermore, since "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States," *In re Burrus*, 136 U.S. 586, 593–594, 10 S.Ct. 850, 852–853, 34 L.Ed. 500 (1890) to the extent that no overriding compelling federal question exists, Federal courts will not interject themselves into a state court matrimonial proceeding. *Ohio ex. rel. Popovici v. Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930).

■ Indeed, to the extent that the state matrimonial court adjudicates personal rights, custodial relationships, and property entitlements, not only is there no overriding compelling federal question, but except to the extent specifically enumerated in 28 U.S.C. § 157, the bankruptcy court clearly has no jurisdiction to adjudicate such matters. 28 U.S.C. § 157; *Palmer*, 78 B.R. at 405.

Based upon the foregoing analysis, Judge Brozman, sitting in this Court's absence, allowed the state court to render a decision and judgment regarding the equitable distribution of assets of the debtor and the defendant.

It is with the distribution of property of the estate as defined in 11 U.S.C. § 541(a), however, that the federal question arises.

11 U.S.C. §§ 541(a) and 541(a)(1) provide that the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. 28 U.S.C. § 1334 gives the district court exclusive jurisdiction over both property of the estate and property of the debtor. The standing order of reference of the United States District Court for the Southern District of New York dated July 10, 1984, issued pursuant to 28 U.S.C. §§ 157 and 1334, refers the debtor's Title 11 case to the bankruptcy court together with the district court's preemptive jurisdiction over property, thus precluding its disposition in the matrimonial court. As stated by the Supreme Court in *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 54, 70 L.Ed.2d 39 (1981):

> Notwithstanding the limited application of federal law in the field of domestic relations generally, *see McCarty v. McCarty*, 453 U.S. 210, 220, 101 S. Ct. 2728, 2735, 69 L.Ed.2d 589 (1981); *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S. Ct. 802, 808, 59 L.Ed.2d 1 (1979), this court, even in that area, has not hesitated to protect, under the Supremacy Clause, rights and expectancies established by federal law against the operation of state law, or to prevent the frustration and erosion of the congressional policy embodied in the Federal rights. *McCarty, supra; Hisquierdo, supra.*

Thus, "while the adjudication of all rights, duties, and entitlements as between the debtor and the defendant spouse are within the exclusive province of the state matrimonial court, it is within the exclusive province of the bankruptcy court to adjudicate the rights of creditors as against property of the debtor and property of the estate." *Palmer*, 78 B.R. at 406.

■ The filing of a Title 11 case creates an estate whose property rights vest as of the date of the filing of the petition. Defendant spouse argues that since equitable distribution arises upon the commencement of a matrimonial action, her interest in the 85th and 86th Street Apart-

ments supersedes the rights of the husband/creditor and any trustee, whether or not such interest ripens into an award prior to the bankruptcy filing. This is simply not true.

While the commencement of a matrimonial action triggers the possibility that an equitable distribution of marital property may ensue, the commencement of the action does not guarantee that an award will be made. An award might not be made for any number of reasons. As a result, no rights in equitable distribution vest upon commencement of the action. McKinney's Consolidated Laws of New York, 14 Domestic Relations Law § 236 Part B, 1989 Pocket Part, Practice Commentaries, C 236B:23 at 32 *citing Sperber v. Schwartz,* 139 A.D.2d 640, 527 N.Y.S.2d 279 (2d Dept. 1988).

Since no equitable distribution award had vested at the time of the filing of the petition, the 85th and 86th Street Apartments came into the estate free of the claims of the defendant. To the extent the state matrimonial court adjudicated an equitable distribution award in favor of the defendant spouse, such award becomes a claim within the context of 11 U.S.C. § 101(9). The defendant spouse's claim is an entitlement against the debtor's estate, and thus, she becomes one of the general unsecured creditors of the estate. *Palmer,* 78 B.R. at 406.

### Conclusion

While this Court is both cognizant of and sensitive to the plight of the defendant, Rita Hilsen, there is nothing in either the law of equitable distribution of the State of New York or the Bankruptcy Code which would suggest that the United States Congress has desired to enact which would respect the emotional plight of an estranged wife in an admittedly distasteful divorce proceeding. Rather, in failing to legislate an exclusion, Congress has specifically legislated this Court's obligation to apply the supremacy of federal law respecting "property of the estate," as is defined by the Bankruptcy Code. Given that obligation, this Court has no alterna-

tive and must find, however distasteful, that the 85th and 86th Street Apartments are property of the Debtor's estate and that the defendant, Rita Hilsen, enjoys no more than an unsecured interest in her "equitable distribution award."

Settle an Order consistent with this decision.