In re Sergio WAINSZTEIN, Debtor.

Bankruptcy No. 89–25031–BKC–SMW.

United States Bankruptcy Court,
S.D. Florida.

June 26, 1990.

Donna Bumgardner, Sunrise, Fla., trustee.

Jeffrey S. Shapiro, North Miami Beach, Fla., for debtor.

Richard T. Walsh, New York City, Joel Weissman, West Palm Beach, Fla., for creditor.

## MEMORANDUM ORDER DENYING CREDITOR'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY

SIDNEY M. WEAVER, Chief Judge.

This matter came before the Court for hearing on April 30, 1990, upon Wolfdiam P.V.B.A.'s ("the creditor") objection to the debtor's claim of exempt property and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtor filed for bankruptcy on October 2, 1989 and claimed a homestead interest in real property listed under his wife's name. The property was purchased with proceeds from the sale of two properties held by the debtor and his wife as tenancy by the entireties in New York. The proceeds from the sale of these properties was used by the debtor's spouse towards the purchase of a new home in Florida which was titled under her name only. The debtor does not own legal title to the property which he has listed as exempt under 11 U.S.C. § 522(d), however, the property constitutes the debtor's marital home to which he contributes monetarily.

■ The creditor first argues that the debtor is not entitled to claim the property listed under his wife's name as homestead property on his schedules because he does not own legal title to the property. Under Florida law where a head of the family has made contributions to his wife's separate property he can claim an equitable homestead interest in that property even though he does not hold legal title. *Bessemer Properties v. Gamble,* 27 So.2d 832 (Fla. 1946). *See also Heiman v. Capital Bank,* 438 So.2d 932 (Fla. 3rd DCA 1983). In *Heiman,* the Third District Court of Appeal ruled that "homestead status may derive from the husband's beneficial interest as head of the family in a marital home titled in his wife's name...." *Id.* at 933. *See also In re McCall,* 69 B.R. 975 (M.D. Fla.1987). Additionally, in *Beall v. Pinckney,* 150 F.2d 467 (5th Cir.1945), an equitable interest was found to be enough to support the parties homestead claim. The Court finds that the property in which the debtor claims a homestead interest is the debtor's primary residence which he shares with his wife and family. Therefore, the Court finds that the debtor is entitled to claim a homestead exemption, in the property titled under his wife's name, to the extent of his equitable interest.

■ Secondly, the creditor argues that the homestead exemption claimed by the debtor may exceed the allowable homestead exemption parameters under Florida Constitution Art. 10, § 4(a)(1). However, the Court finds that no evidence was presented to support the creditor's argument. Under bankruptcy rule 4003(c) the objecting party has the burden of proving that the exemptions are not properly claimed. The Court finds that the creditor has not met its burden of proof.

■ Thirdly, the creditor argues that the debtor fraudulently transferred his share of the proceeds from the sale of the New York properties to his wife, who subsequently purchased the property now claimed by the debtor as homestead, in order to defraud his creditors. The Court finds that resolution of the creditor's allegations of fraud must be raised and considered under an adversary action and not under an objection to claims. Since the Court has not been asked to rule on the avoidability of these transfers under a properly filed adversary it will refrain from making a ruling.

Based upon the foregoing, the Court finds that the debtor is entitled to claim a homestead exemption in his wife's separate property to the extent of his equitable interest.

DONE AND ORDERED.