**In re Paul A. JOHNSON and Toni F. Johnson, Debtors.**

**Bankruptcy No. 97–40241.**

United States Bankruptcy Court, D. Minnesota.

June 25, 1997.

Timothy D. Moratzka, MacKall, Crounse & Moore, P.L.C., Minneapolis, MN, for trustee.

Joseph A. Skokan, Prescott & Pearson, New Brighton, MN, for debtors.

*ORDER DETERMINING EXEMPTIONS*

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the trustee's objections to the debtors' claim of exemptions. Joseph Skokan appeared for the debtors and Timothy Moratzka, the trustee, appeared *in propria persona.*

This court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 1070–1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

**BACKGROUND**

The debtors filed a joint Chapter 7 petition on January 13, 1997. In the months preceding the petition date, the debtors filed for divorce.[1] Pursuant to 11 U.S.C. § 522(b), the debtors elected to exempt property under the exemptions listed in § 522(d). The debtors sought to exempt property under the Code's "pour-over" provision, which allows debtors to exempt any remaining portion of their federal homestead exemption.[2] On their schedules, the debtors listed the following property as exempt under § 522(d)(5):

Norwest Bank Checking and Savings ($6,000)

1990 Palomino Pop–Up Camper ($1,800)

1973 Honda Motorcycle ($500)[3]

Power Saw ($100)[4]

1996 Income Tax Refund (amount unknown)

The trustee objected to the debtors' exemptions, claiming that the property was individually owned by Paul and that the value of the exempt property exceeded the amount allowable under § 522(b)(5).[5]

**DISCUSSION**

 In this motion, the debtors seek to apportion the value of their claimed exempt property between their respective bankruptcy estates. In particular, they invoke Minnesota's marital property statute as the basis for arguing that, even though Paul is the sole legal owner of the claimed exempt property, one-half of the property and its corresponding value lie in Toni's estate, since the property constitutes "marital property" pursuant to Minn.Stat. § 518.54, subd. 5.

Chapter 518 of Minnesota Statutes is Minnesota's marriage dissolution statute. Minn.Stat. § 518.54, subd. 5, defines marital property as "property, real or personal, including vested public or private pension plan benefits or rights, acquired by the parties, or either of them, to a dissolution, legal separation, or annulment proceedings at any time during the existence of the marriage relation. . . ." The statute posits a species of shared ownership in marital property: "Each spouse shall be deemed to have a common ownership in marital property that vests not later than the time of the entry of the decree in a proceeding for dissolution or annulment." Minn.Stat. § 518.54, subd. 5.

The "common ownership" language of Minn.Stat. § 518.54, subd. 5, was added in 1982, primarily to prevent the classification

---

**1.** There is nothing in the record indicating the date of the debtors' divorce filing. However, in their submissions to the court, the parties acknowledge that the debtors were separated at the time they filed their Chapter 7 petition.

**2.** 11 U.S.C. § 522(d)(5) allows debtors to exempt their interest "in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection."

**3.** Paul does not dispute that he is the sole owner of the 1973 Honda motorcycle.

**4.** At the hearing, Paul informed the court that he possesses no equity in the saw and had already surrendered it to Sears. However, he continued to press his claim of exemption in the saw.

**5.** For purposes of this motion, both parties agree that the amount available under § 522(d)(5) is $5,150.

of property divided incident to divorce as a taxable event:

> The intent of the legislature in enacting this act is to confirm, clarify, and ratify legislative intent embodied in prior and existing state law ... that the division or disposition of marital property caused by or incident to a decree of dissolution or annulment is not a sale, exchange, transfer, or disposition of or dealing in property but is a division of a common ownership by spouses in property for the purposes of the property laws of this state and for the purposes of United States and Minnesota income tax laws.

1982 Minn. Laws Ch. 464, § 3.

A number of courts recognize that Minn. Stat. § 518.54, subd. 5, creates a special form of co-ownership which vests upon commencement of divorce proceedings. *See United States v. Alexander,* No. 4–89–85, 1991 WL 13727, at *2 (D.Minn. Jan.18, 1991) (holding that wife could not assert a vested interest in husband's property forfeited pursuant to RICO Act since couple had not yet filed for divorce: "Under Minnesota law, petitioner's marital property interest would only vest upon commencement of a dissolution proceeding. Until then, petitioner has no marital property interest to assert against the forfeited property in question.").

Those courts which have construed Minn. Stat. § 518.54, subd. 5, as conferring a vested ownership interest in marital property have done so outside the context of bankruptcy proceedings. For example, in *Securities & Exchange Comm'n v. Flight Transp. Corp.,* 699 F.2d 943 (8th Cir.1983), the Eighth Circuit held that a wife's interest in marital property pursuant to Minn.Stat. § 518.54, subd. 5, was sufficient to support an action for intervention. Notably, the court did not hold that the wife had a property interest, only that she had a sufficient interest to satisfy Fed.R.Civ.P. 24(a)(2)'s intervention standards.

Likewise, in *Miller v. Miller,* 352 N.W.2d 738 (Minn.1984), the Minnesota Supreme Court recognized that Minn.Stat. § 518.54, subd. 5, confers a "special ownership interest" for purposes of state and federal tax liability: "[T]he added language was simply meant to confirm, clarify, and ratify the legislative intent already embodied in the definition of marital property: that divisions of marital property are not taxable events." *Id.* at 743 (citing *Janssen v. Janssen,* 331 N.W.2d 752, 755 n. 3 (Minn.1983)).

Significantly, no Minnesota court has concluded that Minn.Stat. § 518.54, subd. 5, vests ownership interests for purposes other than marriage dissolution. In fact, courts have rejected the application of marital property statutes outside the context of dissolution. *In re Estate of Aspenson,* 470 N.W.2d 692, 695 (Minn.Ct.App.1991) (holding that marital and nonmarital property "are family law concepts which do not apply under the Uniform Probate Code."); *Rindahl v. St. Louis County Welfare Bd.,* 437 N.W.2d 686, 693 (Minn.Ct.App.1989) (rejecting application of Minnesota marital property statute to determine ownership of family income for purposes of Medicaid eligibility); *In re Hohenberg,* 174 B.R. 487, 493 (Bankr.W.D.Tenn. 1994) ("[T]he [marital property] concept has no real meaning outside of the realm of marital dissolution.").

I am not persuaded that the mere classification of property as "marital property" is sufficient to create cognizable property rights. *See In re Frederes,* 141 B.R. 289, 291–92 (Bankr.W.D.N.Y.1992) ("There are no vested present or contingent property rights or interests, legal or equitable, in such marital property solely because it is marital property under [state law]."); *Perlow v. Perlow,* 128 B.R. 412, 415 (E.D.N.C.1991) (holding that state marital property statute does not confer property rights in marital assets. "Rather, it only creates 'a right to an equitable distribution of that property, whatever a court should determine that property is.'") (quoting *Wilson v. Wilson,* 73 N.C.App. 96, 325 S.E.2d 668, 670 (1985)). Minn.Stat. § 518.54, subd. 5, does not confer on marital partners those rights of disposition which owners of property interests routinely enjoy. For example, Toni cannot bequeath or convey her prospective interest in marital property. Nor can she grant a security interest in Paul's assets on the supposition that they are "marital property" which someday might be subject to an equitable division.

Finally, a simple parsing of the statutory language belies the debtor's position. Minnesota Statute § 518.54, subd. 5, provides that "each spouse shall be deemed to have a common ownership in marital property that vests *not later than* the time of the entry of the decree in a proceeding for dissolution or annulment." (emphasis added). Although Minnesota's marital property statute identifies an *endpoint* by which vesting must occur, it does not establish a corresponding *starting* point. Several Minnesota courts have linked the time of vesting with the entry of the divorce decree. *See Searles v. Searles*, 420 N.W.2d 581, 583 (Minn.1988); *State Bank of Pennock v. Schwenk*, 395 N.W.2d 371, 375 (Minn.Ct.App.1986); *see also In re Hilsen*, 119 B.R. 435, 438 (S.D.N.Y.1990) ("[A]t no point prior to judgment does the [state marital property statute] itself create any contingent or present vested interests, legal or equitable, by virtue of the parties' marital status or prior to a judgment dissolving their union.").

For the foregoing reasons, I find that Toni had no property interest in Paul's 401K proceeds. Accordingly, the proceeds are solely the property of Paul's estate.

■ Also at issue in this motion is the debtors' 1990 Palomino Pop-up Camper. The trustee argues that Paul should exempt the entire value of the camper since it is titled solely in his name. Paul contends that the camper is nonmarital property since it was purchased with proceeds from a check written exclusively to Toni.[6] As we have seen, whether or not the camper is marital or nonmarital property for dissolution purposes is irrelevant in the bankruptcy context.

■ However, other principles of property come into play. There is a presumption that the named party on the certificate of title is the owner of the property in question. However, this is a rebuttable presumption which can be overcome by a showing of joint ownership. In the instant case, the fact that the pop-up camper was purchased with proceeds from a check from Toni's father overcomes the presumption of sole ownership, and sug-gests a shared equitable ownership in the debtors. Therefore, I find that each estate possesses a 50% interest, or $900, in the camper.

■ The debtors also seek to exempt their 1996 joint income tax refunds under § 522(d)(5). On their schedules, the debtors listed as exempt a potential tax refund in an unknown amount. At the time of the hearing, however, the parties had received refunds in the amount of $318.[7] Since the debtors did not offer copies of their tax returns or other evidence regarding their respective incomes, I find that each possesses a 50% interest, or $159, in the refunds.

The debtor suggests that the court's ruling today will create the anomalous result of requiring debtors to exempt the full value of property in which they may only possess a partial interest. The debtor's position presupposes that the divorce court will award Toni 50% of the pension fund simply because it is "marital property." Minn.Stat. § 518.58 requires the divorce court to effect an equitable, not equal, division of marital assets. Therefore, it is equally likely that the divorce court will award Paul a full interest in the claimed exempt property, while compensating Toni from another portion of the marital estate.

The debtors' argument is really the proverbial double-edged sword. A contrary ruling would encourage bankruptcy trustees to pursue the property of non-debtor spouses on the basis that debtors possess a marital interest in the assets of their spouses. *See In re Hohenberg*, 174 B.R. at 493 (holding that bankruptcy trustee who invoked Tennessee's marital property statute could not "bootstrap" his claim to reach the separately owned, assets of the debtor's spouse: "The existence of the term 'marital property' and its concepts do not grant the bankruptcy court any authority to divest 'marital property' out of one spouse and place it into the bankruptcy estate)."

---

6. The $1500 check was from Toni's father.

7. This amount represents a total of federal and state refunds.

To summarize: The debtors' respective ownership interest in the claimed exempt property is valued in the following amounts:

| | Paul | Toni |
|---|---|---|
| Norwest Checking Account Balance | $6,000 | $ 0 |
| 1990 Palomino Pop–Up Camper | $ 900 | $ 900 |
| 1973 Honda Motorcycle | $ 500 | $ 0 |
| 1996 Income Tax Refund | $ 159 | $ 159 |
| Saw | $ 100 | $ 0 |
| Total | $7,659 | $1,059 |
| Less Exemptions | $5,150 | $5,150 |
| Balance | $2,509 | $ 0 |

THEREFORE, IT IS ORDERED THAT:

1. Paul Johnson's property is non-exempt to the extent of $2,509.

2. Paul Johnson shall turn over to the trustee the sum of $2,509.