In re Robert Joe THORPE, Jr. and
Terrie Pauline Thorpe,
Debtors.

No. 00–41609.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Aug. 4, 2000.

**724**

Ms. Nell Adams, Blue Springs, MO, for Debtors.

---

### MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

This case comes before the Court on Trustee Gary D. Barnes' Objection to Exemptions, filed on June 27, 2000. The Trustee's Objection concerns the exemptions claimed by the Debtors, Terrie Pauline Thorpe ("Terrie") and Robert Joe Thorpe, Jr. ("Robert"), in a 1998 Harley Davidson Softail motorcycle (the "Softail").

The Court held a hearing on the matter at the Federal Courthouse in Kansas City, Missouri, on July 25, 2000. At the close of the hearing, the Court took the matter under advisement. Upon consideration of the evidence presented and relevant law, the Court is ready to rule.

The following constitutes the Court's Findings of Fact and Conclusions of Law as required by Federal Rule of Bankruptcy Procedure 7052. This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A) and (B), and the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

### DISCUSSION

The relevant facts of this matter are basically undisputed. The Debtors, Terrie and Robert, were married on February 14, 1992. As of the date of filing, April 27, 2000, Robert and Terrie were still married but had separated three months earlier in January 2000. They have no children under eighteen.

The Softail motorcycle was purchased sometime in July or August of 1998. The parties stipulated that Robert is the sole owner of the Softail, and this was reflected on the Debtors' Bankruptcy Schedule B. The Softail has a current value of approximately $14,000 and is subject to a security interest in favor of Harley Davidson Credit for $7,800.00.

The Debtors claimed the following exemptions in the Softail: $850.00 pursuant to Mo.Rev.Stat. § 513.440 (head of household exemption); $2,000.00 pursuant to § 513.430(5) ($1,000.00 motor vehicle exemption times two); and $750.00 pursuant to § 513.430(3) ($375.00 of the "wild card" exemption times two). The Trustee's objections to these exemptions are as follows: (1) Robert is not entitled to claim a head of household exemption because the Debtors were separated at the time of the filing and they have no dependent children; (2) only Robert may claim the motor vehicle exemption ($1,000.00) because he is the sole owner of the Softail; and (3) only Robert may claim the wild card exemption in the Softail ($375.00) because again, he is the sole owner.

For the following reasons, we will sustain all of the Trustee's objections.

### 1. Robert's Head of Household Exemption[1]

■ Robert is not entitled to claim the head of household exemption because that exemption is reserved for debtors support-

---

1. The head of household exemption is found   in § 513.440:

ing a household, *see Murray v. Zuke,* 408 F.2d 483, 485–86 (8th Cir.1969), and the Debtors have admitted that they have separated and have no dependent children. Accordingly, we sustain the Trustee's Objection as to the $850.00 exemption claimed under Mo.Rev.Stat. § 513.440.

## 2. Terrie's Motor Vehicle Exemption[2]

■ Under § 513.430(5), a debtor is entitled to claim an exemption in "any motor vehicle, not to exceed one thousand dollars in value." Mo.Rev.Stat. § 513.430(5). When there are multiple debtors, as is the case here, each debtor is entitled to claim the full amount of the exemption, and the exemptions may be "stacked" on a single asset; however, each debtor must have an ownership interest in that asset in order to claim the exemption. *In re Hartman,* 211 B.R. 899, 903 (Bankr.C.D.Ill.1997); *In re Ferguson,* 15 B.R. 439, 441 (Bankr.D.Colo. 1981); *In re Cunningham,* 5 B.R. 709, 711 (Bankr.D.Mass.1980). A number of courts have recognized an exception to this rule for homestead exemptions, but this exception is based on the unique nature of the homestead "right" and policy concerns regarding a debtor's need for shelter. *See, e.g., In re Wainsztein,* 116 B.R. 300 (Bankr.S.D.Fla.1990); *cf. In re Hartman, supra* (rejecting non-owner's inchoate interest in homestead). The Court has not uncovered any cases in which this exception has been applied to personal property, nor do we think that such an exception would be appropriate.

The Debtors maintain that Terrie has an interest in the Softail sufficient to claim an exemption in the Softail because it is tenancy by the entireties property or, at least, "marital property" because it was purchased during their marriage. We disagree.

■ First of all, the Softail is not owned by the Debtors as a tenancy by the entireties. In order to create a tenancy by the entireties four elements must be present: (1) the tenants must have one and the same interest (unity of interest); (2) the interest must accrue by one and the same conveyance (unity of title); (3) the interest must commence at one and the same time (unity of time); and (4) the property must be held by one and the same undivided possession (unity of possession). *King v. Smith (In re King),* 572 S.W.2d 200, 211 (Mo.Ct.App.1978). The Debtors have already stipulated that Robert is the sole owner of the Softail, so none of the elements is present. (The Court assumes that Robert is in sole possession of the motorcycle since the separation.)

Second, although the Debtors may very well be correct in stating that the motorcycle is "marital property" under Mo.Rev. Stat. § 452.330, inasmuch as it was purchased during their marriage, that classification is not sufficient to create an interest cognizable in bankruptcy for purposes of determining the validity of a claimed exemption. *In re Johnson,* 210 B.R. 153, 155 (Bankr.D.Minn.1997); *In re Frederes,* 141 B.R. 289, 291–92 (Bankr.W.D.N.Y.1992) ("There are no vested present or contingent property rights or interests, legal or equitable, in such marital property solely because it is marital property under [state law]."); *Perlow v. Perlow,* 128 B.R. 412, 415 (E.D.N.C.1991) (holding that state marital property statute does not confer property 412, 415 (E.D.N.C.1991) (holding that state marital property statute does not confer property rights in marital assets. "Rather, it only creates 'a right to an equitable distribution of that property, whatever a court should determine that property is.' ") (quoting *Wilson v. Wilson,*

---

Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of eight hundred fifty dollars plus two hundred fifty dollars for each of such person's unmarried dependent children under the age of eighteen years, except ten percent of any debt, income, salary or wages due such head of a family.
Rev.Mo.Stat. § 513.440.

**2.** The motor vehicle exemption exempts "Any motor vehicle, not to exceed one thousand dollars in value." Rev.Mo.Stat. § 513.430(5).

73 N.C.App. 96, 325 S.E.2d 668, 670 (1985)).

We therefore find that Terrie does not have an interest in the Softail sufficient to allow her to claim an exemption in it, and accordingly will sustain the Trustee's objection as to Terrie's motor vehicle exemption.

### 3. Terrie's Wild Card Exemption[3]

■ The analysis for determining whether Terrie is entitled to claim a wild card exemption is the same as our analysis for her motor vehicle exemption. Consequently, our conclusion is the same—she is not entitled to claim a wild card exemption in property in which she does not have an interest.

Therefore, for the reasons stated above, it is

**ORDERED** that the Trustee's Objection to Exemptions be and is hereby SUSTAINED.

**SO ORDERED.**

---

**3.** The wild-card exemption exempts "Any other property of any kind, not to exceed in value four hundred dollars in the aggregate." Rev. Mo.Stat. § 513.430.