**In re Christopher D. HORSTMAN and Kimberly H. Horstman, Debtors.**

**No. 01–09599–8–JRL.**

United States Bankruptcy Court,
E.D. North Carolina,
Wilson Division.

April 16, 2002.

J. Allen Murphy, New Bern, NC, for debtor.

## ORDER REGARDING TRUSTEE'S OBJECTION TO EXEMPTIONS

J. RICH LEONARD, Bankruptcy Judge.

Pending before the court is the objection of the chapter 7 trustee, Algernon Butler, Jr., to Mrs. Horstman's attempt to apply her statutory "wild card" exemption to a vehicle titled in her husband's name. A hearing on the objection was held in Wilson, North Carolina on March 20, 2002. For the reasons that follow, the objection will be allowed.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

## DISCUSSION

The debtors, Christopher and Kimberly Horstman, filed a bankruptcy petition under chapter 7 of the bankruptcy code on December 12, 2001. Pursuant to the exemption scheme outlined in N.C. Gen.Stat. § 1C–1601 (1999), Mr. Horstman used his statutory automobile exemption of $1,500 and his "wild card" exemption of $3,500 to exempt $5,000 of the value of his unencumbered 1997 Jeep. The vehicle is titled in his name, and its assigned petition value is $9,225. Mrs. Horstman applied her $1,500 statutory automobile exemption to exempt the full value of her vehicle, a 1993 Ford Taurus. She also attempted to use her wild card exemption to exempt $3,500 of the remaining balance of non-exempt equity in the Jeep. The trustee objected.

The State of North Carolina opted out of the federal bankruptcy exemptions pursuant to 11 U.S.C. § 522(b)(1), and instead directs in N.C. Gen.Stat. § 1C–1601(f) that its state exemptions apply to North Carolina residents, like the Horstmans, in bankruptcy actions. These exemptions include the following:

(2) The debtor's aggregate interest in any property, not to exceed three thousand five hundred dollars ($3,500) in value less any amount of the exemption used under subdivision (1), [and]

(3) The debtor's interest, not to exceed one thousand five hundred dollars ($1,500) in value, in one motor vehicle.

*Id.* § 1C–1601(a)(2) and (3). Subsection (2) is the "wild card" exemption. The trustee objects to Mrs. Horstman's wild card exemption on grounds that the 1997 Jeep is titled in Mr. Horstman's name and belongs to him only. *See* N.C. Gen.Stat. § 20–72(b) (2001) (equating transfer of ti-

tle with transfer of ownership); *Nationwide Mut. Ins. Co. v. Hayes,* 276 N.C. 620, 630, 174 S.E.2d 511, 517 (1970) (holding that "title," as used in § 20–72(b), is synonymous with "ownership"); *accord State v. Morris,* 103 N.C.App. 246, 251, 405 S.E.2d 351, 354 (N.C.App.1991) (same). For that reason, he argues, Mrs. Horstman does not have a property interest in the Jeep, and cannot apply her wild card exemption to it.

The court agrees, and concludes that Mrs. Horstman cannot apply her wild card exemption to property that is not part of her estate. The Jeep is titled in Mr. Horstman's name only, and also is identified as his property rather than community or jointly owned property on the debtors' own schedule of personal property. *See* Schedule B—Personal Property. The Horstmans' schedule described the Taurus as Mrs. Horstman's property. *Id.* It seems evident to the court that for practical purposes, as well as for legal ones, the Jeep belongs to Mr. Horstman and the Taurus belongs to Mrs. Horstman.

The facts and issues presented in this case are remarkably similar to those present in *In re Thorpe,* 251 B.R. 723 (Bankr. W.D.Mo.2000). In *Thorpe,* the trustee objected to the female debtor's attempt to apply her $375 state wild card exemption toward a Harley Davidson Softtail motorcycle purchased during the debtors' marriage. The male debtor also claimed his wild card exemption in the motorcycle, which was titled in his name only. The court held that the female debtor was "not entitled to claim a wild card exemption in property in which she [did] not have an interest." *Id.* at 726. In so holding, the court found that even if the motorcycle was "marital property," in that it was purchased during marriage, "that classification is not sufficient to create an interest cognizable in bankruptcy for purposes of

determining the validity of a claimed exemption." *Id.* at 725.

▪ As stated by the *Thorpe* court, a debtor must have an ownership interest in property before he can claim an exemption in it. That fundamental tenet has been specifically recognized in this district, and in a multitude of other jurisdictions. *Matter of Sharik,* 41 B.R. 388, 390 (Bankr. E.D.N.C.1984) (noting that the joint estates of co-debtors are separate entities, and holding that "the exemptions available to each co-debtor may only be claimed from his or her separate estate"); *accord, e.g., In re Cohen,* 263 B.R. 724, 726 (Bankr. D.N.J.2001) (citing *Sharik* and holding that a debtor "must have an ownership interest in property before an exemption may be claimed"); *In re Ferguson,* 15 B.R. 439, 441 (Bankr.D.Colo.1981) ("It is basic to any right to an exemption ... that the debtor have an ownership interest in the property."); *cf. In re Zimmer,* 154 B.R. 705, 707 (Bankr.S.D.Ohio 1993) (holding that female debtor ordinarily would not be able to claim exemption in marital tax refund because she did not work during the relevant tax year and therefore did not have an ownership interest in refund, but allowing exemption because trustee failed to file a timely objection to it).

▪ Moreover, the ownership interest necessary to support application of an exemption must be an actual property interest, not a theoretical or potential interest. The debtors' primary argument in favor of Mrs. Horstman's use of the exemption is that the debtors are married, purchased the vehicle while married, and both use it. Therefore, they argue, it is jointly owned marital property, and Mrs. Horstman has a "marital interest" in it sufficient to claim an exemption in the vehicle. The statutory language on which the debtors rely in describing the Jeep as "marital property" is taken from N.C. Gen.Stat. § 50–20

(2001), which, although it does provide a definition of marital property, does so only for the limited purpose of specifying how courts are to distribute that property upon divorce. *See* § 50–20(b) (explaining, *"[f]or purposes of this section* [,]" what "marital property" means) (emphasis added). Claims for equitable distribution of property are made in a specific, statutory context that cannot appropriately provide a basis on which to consider the application of standard bankruptcy exemptions. As the district court explained in *Perlow v. Perlow,* 128 B.R. 412 (E.D.N.C.1991):

> [a claim for] equitable distribution of marital property is a statutory right granted to spouses under North Carolina law. N.C. Gen.Stat. § 50–20. The right is a "species of common ownership ... vesting at the time of the parties' separation." N.C. Gen.Stat. § 50–20(b). This vested right, however, does not ... create a property right in the marital property. [citation omitted].

*Id.* at 415. The bankruptcy court reached a similar conclusion in *In re Johnson,* 210 B.R. 153 (Bankr.D.Minn.1997), and found that Minnesota's marital property statute did not confer on the female debtor a property interest in property to which the husband held legal title. Even though the debtors in that case had filed for divorce prior to filing their bankruptcy petition, the court noted, the female debtor still could not "bequeath or convey her prospective interest in marital property," and could not "grant a security interest in [the husband's] assets on the supposition that they are 'marital property' which someday might be subject to an equitable division." *Id.* at 155 (citing *Perlow*); *accord In re Frederes,* 141 B.R. 289, 291–92 (Bankr. W.D.N.Y.1992) ("There are no vested present or contingent property rights or interests, legal or equitable, in such marital property solely because it is marital property under the law.").

Finally, the court is aware of circumstances under which a debtor conceivably could claim an exemption in a vehicle titled in the name of another person. *See In re Mitchiner,* No. 94–00024–5–ATS (Mar. 18, 1994) (unpublished opinion) (holding that although both of the debtors' two vehicles were titled in the husband's name, it was clear that one belonged to the wife and the other to the husband, and permitting female debtor to claim her statutory automobile exemption in the vehicle she used); *cf. In re Johnson,* 210 B.R. at 156 (concluding that presumption of ownership by party named on title is rebuttable, and can be overcome by showing of joint ownership, such as when a majority of the purchase price of pop-up camper titled to husband was paid by wife's father); *In re Flake,* 32 B.R. 360, 364 (Bankr.W.D.Wis. 1983) (denying summary judgment where evidence suggested that debtor wife might be able to show ownership interest in exempted farm implements, in light of combination of Wisconsin state law regarding equal property division upon divorce, no specific limitation in statute authorizing use of exemption to person holding title to farm implements, and questions of fact regarding wife's contributions to farming enterprise and purchase of implements). The facts at issue in the case at hand differ significantly, and do not support a similar ruling.

■ In sum, the debtors argue, correctly, that laws pertaining to the availability of exemptions should be construed in favor of the debtor. *Hyman v. Stern,* 43 F.2d 666 (4th Cir.1930); *In re Love,* 42 B.R. 317, 318 (Bankr.E.D.N.C.1984). The court finds, however, that laws regarding the equitable division of marital property in the event of divorce or property held as joint tenants or tenants by the entirety simply are not relevant to the issue before

the court, and are not helpful to the debtor. The court concludes instead that the premise here is so fundamental that construction of it offers no leeway.

## CONCLUSION

For the foregoing reasons, the court concludes that Mrs. Horstman may not claim her $3,500 state wild card exemption in the 1997 Jeep titled to her husband. The trustee's objection is, accordingly, **ALLOWED**.

**SO ORDERED.**