ANNA PINKINSON  ·

*v.*

JACOB PINKINSON and FANNIE PINKINSON.

[Submitted March 14th, 1922. Decided March 18th, 1922.]

1. Where a son purchased and paid for property, and caused the title thereto to be placed in his mother's name, the law implies that the grantee took title in trust for her son.

2. In a wife's suit against her husband and his mother to establish her dower interest in lands, the complainant must show that the mother holds title for the use of her son, or that the son, having purchased and paid for the property, fraudulently, for the purpose of depriving his wife of her dower therein, caused the lands to be conveyed to his mother.

---

On bill, &c.

*Mr. Sidney A. Bierman* and *Mr. Frank E. Bradner,* for the complainant.

*Mr. Merritt Lane,* for the defendants.

FOSTER, V. C.

Complainant seeks to establish that the titles to certain properties on Kinney street, Newark, and on Park and Snyder streets, Orange, are held by the defendant Fannie Pinkinson,

in trust for her son, the defendant Jacob Pinkinson, who is the husband of complainant, and between whom there is now pending in this court a suit for separate maintenance; and complainant also seeks to have her inchoate right of dower in these premises established and protected on the authority of *Brown* v. *Brown, 82 N. J. Eq. 40.*

The evidence is convincing that Jacob Pinkinson purchased and paid for the Kinney street property and caused the title thereto to be placed in his mother's name, and on these facts the implication of law is that the grantee took this conveyance in trust for her son, the person who furnished the purchase-money, and no attempt has been made to rebut this presumption. *Baldwin* v *Campfield, 8 N. J. Eq. 891; Cutler* v. *Tuttle, 19 N. J. Eq. 549* (at *p. 562*).

The evidence relating to the payment of the purchase price for the Orange property is too uncertain and incomplete to justify the conclusion that Jacob paid this money and contracted for the purchase of this property in the name of Miss Blumen, and later had its title placed in his mother's name.

To establish her case complainant must show that Fannie Pinkinson holds title to one or both properties for the use of Jacob (*Yeo* v. *Mercereau, 18 N. J. Law 387*), or that Jacob having purchased and paid for the properties, fraudulently, for the purpose of depriving his wife of her dower interest therein, caused the lands to be conveyed to his mother. *Brown* v. *Brown, supra,* and cases cited.

Complainant has established her contention respecting the Kinney street property, and a decree will be advised accordingly.