In the Matter of Marcus R. CUNNINGHAM and Joyce D. Cunningham, Debtors.

Bankruptcy No. 4–80–00121–G.

United States Bankruptcy Court, D. Massachusetts.

Aug. 27, 1980.

Daniel O'Malley, Springfield, Mass., for debtor.

Manuel M. Farber, Springfield, Mass., trustee.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

On March 4, 1980, the debtors filed a joint petition pursuant to chapter 7 of the Bankruptcy Code. They listed as an asset their principal residence, secured for $18,-710.71, with a market value of $29,000.00. On Schedule B–4 of the debtor's schedules, they claimed an exemption in their principal residence of $15,000.00 pursuant to 11 U.S.C. § 522(d).

On April 24, 1980, the First Meeting of Creditors was held in Springfield, Massachusetts. Attorney Manuel Farber, the Trustee in this case, conducted an examination of the debtors and learned that the property used as their residence was owned solely by Joyce D. Cunningham and was not owned jointly. He thereinafter, on May 12, 1980, filed an objection to Marcus Cunningham's claim of a $7,500 exemption in the property. The Trustee contends that, albeit Marcus Cunningham is obligated on the mortgage note, the fact that he has no ownership in the property itself precludes him from claiming an exemption. A hearing was held on June 27, 1980 in Springfield.

The debtors contend that Marcus Cunningham is entitled to the exemption. They cite three reasons for such entitlement. Initially, they contend that Rule 403, Part IV, subsection (d) of the Bankruptcy Rules of Procedure require that the Trustee file his objection to any exemptions within 15 days after the Trustee becomes qualified in the case. They point out that the objection, filed on May 12, 1980, was 18 days after the First Meeting held on April 24, 1980. Additionally, the debtors claim that 11 U.S.C. § 522(d)(1) allows for a $7,500 exemption in real property that a debtor "or a dependent of the debtor uses as a residence". Finally, they claim that 11 U.S.C. § 522(d)(5) permits the debtor to apply any unused exemption amount from § 522(d)(1) against any property.

■ Initially, the filing of the objection by the Trustee 18 days after he became qualified does not require dismissal of the objection because of procedural deficiency. In the Comments to the Advisory Committee's Notes regarding Rule 403, it specifically states that the 1978 Bankruptcy Code does away with the requirement of the report. Additionally, case law interpreting Rule 403 had held that failure to file a report disallowing a debtor's claim of exemption does not constitute an automatic allowance of the exemption. *In Re Witlin*, 4 B.C.D. 919 (BC D.C.Fl.1978). In the case at bar, the objection was filed 18 days after the First Meeting and it should be noted that days 16 and 17 were a Saturday and Sunday when this office was not open to process such an objection sent in by mail.

Turning to the claims of the debtors concerning § 522 of the Code, I believe it best to handle the two arguments separately. Initially, the debtors argue that § 522(d)(1) would give them an exemption for Marcus Cunningham. § 522(d)(1) states in part that exemptions include:

> "The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence."

■ Mr. Cunningham argues that by definition [1] he is a dependent of his debtor spouse and therefore, since he used the real property as his residence, is entitled to an exemption.

I disagree. The debtor is overlooking the fundamental expression and dispositive wording of § 522(d)(1) by ignoring the "aggregate interest" language. They key word is interest. An interest in real property up to $7,500 implies a monetary interest, more than just a right. The case at bar offers no evidence of monetary interest or any rights in the property. The ownership is in the wife's name only. Also, I cannot agree with the debtor's line of reasoning that because he is a dependent of the debtor he somehow accedes to her interest and can apply his exemption rights to her property. Following such reasoning to its logical conclusion would stretch the language beyond its intended meaning.

■ Finally, the Cunninghams argue that should this court deny the exemption pursuant to § 522(d)(1), they still can use the $7,500 exemption towards their residence through § 522(d)(5). They argue that this subsection provides from an exemption for "the debtors aggregate interest, not to exceed in value $400.00 plus any unused amount of the exemption provided under paragraph (1) of this subsection in any property". They point out that the court in *Matter of Upright*, 1 B.R. 694 (Bkrtcy.N.Y. 1979) allowed a debtor to carry over the $7,500 exemption from paragraph 1 of § 522(d) to exempt inventory. Also, they cite *In Re Bagley*, 1 B.R. 116 (Bkrtcy.Pa. 1979) as dispositive.

I also disagree with this line of reasoning. The debtor again overlooks the importance of the whole paragraph being read as one. Again, the debtor must have an interest to use these exemptions. A close reading of both the *Upright, supra,* and the *Bagley, supra,* cases support that they owned the assets they sought to exempt. They were not trying to carry over such rights to attach to those of another debtor to increase their exemptive rights above and beyond what Congress intended. The Legislative History of § 522(d)(5) states that this section is to protect the right of the nonhomeowner,[2] to avoid discrimination. That very language, homeowner, connotes a monetary interest contrary to the meaning the debtors seek to give the section.

Accordingly, I am ALLOWING the complaint of the Trustee and Ordering that the debtors' schedules be amended to reflect a $7,500 exemption in their real property. I also urge Mr. Cunningham to take advantage of § 522(d)(5) and correctly apply the § 522(d)(1) exemption towards an interest he does have.

---

1. See: § 522(a)(1)

(1) "dependent" includes spouse, whether or not actually dependent.

2. The Report of the House Committee on The Judiciary, House Report No. 95–595, para. 4309, § 522 (95th Cong., 1st Session 359 (1977), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6316)