**In the Matter of Thomas E. FREUND and Jacqueline J. Freund, Debtors.**

**Bankruptcy No. MM7–82–00128.**

United States Bankruptcy Court,
W.D. Wisconsin.

Aug. 30, 1983.

Linda D. Taplick, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for trustee.

Roger Schnitzler, Van Metre, Hanson, Clarke, Schnitzler & Meyer, Madison, Wis., for debtors.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Thomas E. Freund and Jacqueline J. Freund filed a voluntary joint petition for relief under chapter 13, U.S. Bankruptcy Code, on June 28, 1982 which they converted to chapter 7 on September 10, 1982. At the time of filing the debtors' personal property included Thomas's interest in the estate of his mother, Evelyn Freund. The estate was in the process of probate and Thomas's bequest was estimated to be worth $14,000.

Thomas claims $7,900 of the anticipated bequest exempt under 11 U.S.C. § 522(d)(5). Jacqueline, who is not an heir to the estate of Evelyn Freund, claims the remaining portion of her husband's bequest exempt as a part of her separate exemptions under 11 U.S.C. § 522(d)(5). The trustee William J. Rameker has objected to Jacqueline's claim to the exemption.

When relief is ordered in bankruptcy, all of a debtor's legal or equitable interests in property become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Joint petitioners have separate bankruptcy estates. 11 U.S.C. § 302(b). The separate bankruptcy estate of a joint petitioner consists only of property in which that debtor has a legal or equitable interest. Pursuant to 11 U.S.C. § 522(b), each joint petitioner may exempt certain property from their individual bankruptcy estates. An exemption is personal in nature and can only be asserted by or on behalf of the debtor. Section 522(b) and (1). Because Jacqueline has no interest in the estate of Evelyn Freund, all of Thomas's bequest is property of Thomas's bankruptcy estate. Only Thomas or a dependent on his behalf may claim his interest in his mother's estate to be exempt under 11 U.S.C. § 522(d)(5). Because Jacqueline had no interest in the inheritance prior to bankruptcy, her bankruptcy estate has no claim to the inheritance and no exemption of the inheritance can be claimed by her or on her behalf.

This is similar to *In Re Cunningham*, 5 B.R. 709, 711 (Bkrtcy.D.Mass.1980) in which the court found that a husband's interest as a dependent of his wife was not sufficient to claim an exemption in a homestead titled solely in the wife, under 11 U.S.C.

§ 522(d)(1) or 11 U.S.C. § 522(d)(5). A debtor must have an interest in property before it becomes property of the bankruptcy estate. The court indicated that the key word under 11 U.S.C. § 522(d)(1) is "interest" which also carries through to 11 U.S.C. § 522(d)(5). An interest in real property up to $7,500 implies a monetary interest more than just one spouse's right to reside with the other. The rule of *Cunningham* has been reaffirmed in similar subsequent cases. *See In Re Hill*, 11 B.R. 217, 218 (Bkrtcy.S.D.Ohio 1981), *In Re Ferguson*, 15 B.R. 439, 441 (Bkrtcy.D.Colo.1981).

Courts have applied the same basic reasoning used in *Cunningham* to non-homestead property. In *In Re Smith*, 5 B.R. 227 (Bkrtcy.S.D.Ohio 1980), the court combined two cases that involved federal income tax refunds. In one of the cases, joint petitioners both claimed as exempt portions of an income tax refund from income earned by only one of the debtors. The debtors argued that because they both signed the income tax returns they both had a property interest in the refund. The court held that only the income earner had an interest in the refund and therefore the refund was only part of that debtor's estate. The court also held that individual estates of debtors cannot be merged to permit double exemptions just because petitioners are husband and wife. *Id.* at 230.

It should be noted that 11 U.S.C. § 522(d) provides that if a debtor does not claim his or her exemptions a dependent of the debtor may claim them on the debtor's behalf. This provision does not apply in the present case because Thomas has claimed as much of the inheritance as he can exempt. Jacqueline would only be able to claim an exemption for Thomas if he did not claim it for himself.

The attorney for the trustee correctly argues that if Jacqueline is not entitled to exempt any portion of Thomas's interest in his mother's estate, $6,100 will remain in his bankruptcy estate. That figure is reached by subtracting $7,900, Thomas's allowed exemption, from the $14,000 estimated amount of his inheritance.

Judgment may be entered consistent with this opinion.