233 N.J. Super. 481 (1989)
559 A.2d 444
JOHN M. ARNOLD, PLAINTIFF-RESPONDENT,
v.
ANVIL REALTY INVESTMENT, INC., A NEW JERSEY CORPORATION, DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT, AND FRANCES L. URNARI ARNOLD, DEFENDANT, AND LESLIE A. DIENES, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1989.
Decided May 23, 1989.
*482 Before Judges ANTELL and BROCHIN.
Dennis M. Gonski argued the cause for appellant (Dennis M. Gonski, attorney; Dennis M. Gonski, on the brief).
Daniel A. Lebar argued the cause for respondent, John M. Arnold (William A. Eichling, attorney; Daniel A. Lebar, special counsel and on the brief).
The opinion of the court was delivered by BROCHIN, J.S.C. (temporarily assigned).
John M. Arnold and Frances L. Arnold were married June 24, 1978, and divorced by a judgment entered May 17, 1988. In their divorce action, the trial court entered judgment awarding Mr. Arnold damages against Anvil Realty Investment, Inc., on *483 the ground that its purchase of their marital home from Mrs. Arnold, its record owner, without his knowledge or consent violated property rights conferred on him by N.J.S.A. 3B:28-3. Anvil Realty has appealed from that judgment, but we agree with the trial court and therefore affirm.
On June 3, 1987, Frances Arnold, by a deed which she alone signed, conveyed the house which she and her husband had occupied as their principal marital residence to defendant Anvil Realty, for $112,000. She had inherited the property from her mother on September 15, 1980, and had conveyed record title to herself by an executor's deed on February 5, 1987. The affidavit of title which she executed and delivered in connection with the sale to Anvil Realty disclosed to the vendee that she was married to John Arnold and that a final order under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-1 et seq. and following, had been entered February 9, 1987, granting her possession of the residence to the exclusion of her husband.
John Arnold filed a complaint for divorce on February 6, 1987. When he learned of his wife's sale of their marital home, he amended his divorce complaint to add Anvil Realty as a defendant. He alleged that his wife had conveyed their marital home to Anvil Realty without his knowledge and for an unreasonably low price. He contended that its acceptance of a deed to the property from his wife alone, knowing that he and she were still married, was tortious, and he demanded rescission of the sale or damages. Subsequently, to permit Anvil Realty to dispose of the property, an order was entered dismissing the rescission claim, but preserving the claim for damages.
The trial court found that although Mrs. Arnold had inherited the house from her mother, her husband had spent his own money for renovations to the property, causing it to appreciate in value. Therefore, the court held, Mr. Arnold was entitled to a thirty-five percent interest in the house as part of an equitable *484 distribution pursuant to N.J.S.A. 2A:34-23. Cf. Mol v. Mol, 147 N.J. Super. 5 (App.Div. 1977). The court also found that the fair market value of the house was $150,000 when it was sold to Anvil Realty for $112,000. No party to this appeal has challenged either of those determinations.
Finally, the trial court held that Anvil Realty's knowing participation in alienating the Arnold's marital home without Mr. Arnold's consent was a violation of his rights under N.J.S.A. 3B:28-3, and Anvil and Mrs. Arnold were jointly and severally liable to him for his thirty-five percent share of the difference between the $150,000 fair market value of the property and its $112,000 sales price. Judgment was therefore entered against Anvil Realty Investment, Inc., and Frances L. Arnold, jointly and severally, for $13,300 plus interest. Anvil Realty has appealed from that judgment.
N.J.S.A. 3B:28-3 states:
As to real property occupied jointly by a married person with his or her spouse acquired on or after May 28, 1980, as their principal matrimonial residence, every married person shall be entitled to joint possession thereof with his or her spouse during their marriage, which right of possession may not be released, extinguished or alienated without the consent of both spouses except by judgment of a court of competent jurisdiction. All other real property owned by either spouse which is not the principal matrimonial residence may be alienated without the consent of both parties.
This provision establishing the rights of both spouses in their "principal matrimonial residence" was enacted concurrently with the repeal of dower and curtesy.[1] and the adoption of a surviving spouse's elective share in the estate of a deceased spouse.[2] The rights of both spouses in their "principal matrimonial residence," to equitable distribution, and to a share in a *485 deceased spouse's estate are modern substitutes for dower and curtesy in the sense that, like their predecessors, they are intended to assure that a portion of the estate of each spouse will in some circumstances be available for the support of the other. As the trial court pointed out, one way that N.J.S.A. 3B:28-3 serves that purpose is by directing that one spouse's "right of possession may not be released, extinguished or alienated without the consent of both spouses except by judgment of a court of competent jurisdiction." In that way, the statute seeks to assure that in the event of divorce proceedings, the parties' principal marital residence, which is likely in most cases to be their most valuable asset, will be available as a source of funds for equitable distribution.
When dealing with the rights of dower and curtesy, our courts have frequently held that "A wife has an action to set aside conveyances made by her husband to defeat her expectation of dower, although not yet vested even as an inchoate right." Hampton v. Hampton Holding Co., 17 N.J. 431, 439 (1955). Similarly, a wife was entitled to have her inchoate right of dower confirmed in property which her husband had purchased and paid for and which he had conveyed to another for the purpose of depriving her of dower. Pinkinson v. Pinkinson, 93 N.J. Eq. 583, 584 (Ch. 1922). In a case analogous to the present one, the former court of chancery held that a widow whose husband caused a mortgage to be foreclosed against his land and the property sold for less than its fair market value to a purchaser who secretly paid him the difference, was entitled to collect the value of her dower interest from the purchaser. Turner v. Kuehnle, 70 N.J. Eq. 61 (Ch. 1905). The trial court's ruling in the present case that Mrs. Arnold's conveyance of her husband's statutory interest in their principal residence to Anvil Realty was invalid because made without his knowledge and consent, is required by the spirit of these precedents, as well as by the language and purpose of N.J.S.A. 3B:28-3.
*486 Anvil Realty argues, however, that whatever protection N.J.S.A. 3B:28-3 may afford in some cases, no protection is available to Mr. Arnold in the present case. It contends that the property was not "jointly occupied" by the Arnolds when Mrs. Arnold conveyed it, that Mr. Arnold's only right was to "joint possession," and that that right was "released [or] extinguished" either by his moving out or by the final order entered under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-1 et seq. and following, which gave Mrs. Arnold exclusive possession of the house. That order, Anvil argues, was a "judgment of a court of competent jurisdiction" within the meaning of N.J.S.A. 3B:28-3. We disagree.
The statutory right conferred on each spouse by N.J.S.A. 3B:28-3 is more substantial than a mere right to live in the marital dwelling. So limited a right would have no purpose. In the case of a harmonious marriage, no statute is needed to preserve the right of a husband and wife to live together. Surely the statute is not intended to compel them to live together in disharmony. Every one of the statutory grounds of divorce, N.J.S.A. 2A:34-2, assumes that by the time a court is called upon to adjudicate equitable distribution in a divorce action, either the husband or the wife will have moved out of the marital residence or will have been guilty of conduct which would justify their separating. Consequently, if the statute were construed according to Anvil's contentions, it would never serve the purpose of preserving marital assets pending equitable distribution. For present purposes, we do not have to decide when and under what circumstances, if any, a husband's or a wife's leaving their principal marital residence will extinguish his or her legal interest in the dwelling. We hold only that in the circumstances of this case, that right was not extinguished by Mr. Arnold's leaving, and Anvil had no justifiable reason to believe the contrary.
Anvil's argument that Mr. Arnold's right was extinguished by the final order for prevention of domestic violence entered *487 pursuant to N.J.S.A. 2C:25-13 is frivolous. That statute expressly states, "No order shall affect any interest in the residence held by either party...." N.J.S.A. 2C:25-13b(4).
Finally, we are of the opinion that the remedy which the trial judge accorded Mr. Arnold against Anvil Realty Investment, Inc. was entirely proper. Mrs. Arnold conveyed the property and Anvil Realty accepted her deed, contrary to N.J.S.A. 3B:28-3, with full knowledge that she and Mr. Arnold were still married and that the property was their principal marital residence. Consequently, but for the order dismissing Mr. Arnold's claim for rescission, to which he did not object, the conveyance would have been subject to rescission. In lieu of rescission, he was therefore entitled to his 35 percent of the net proceeds which would have been available if the property had been sold for its full $150,000 market value. The judgment awarded him that amount by giving him 35 percent of the actual net proceeds, to be paid out of an escrowed portion of the purchase price, and in addition, against Anvil Realty and his wife jointly and severally, $13,300 representing his 35 percent share of the difference between (1) the full $150,000 value of the house and (2) the $112,000 that Anvil Realty paid for it.[3]
The judgment of the trial court is therefore affirmed in all respects.
NOTES
[1] L. 1979, c. 485, § 1, allocated to N.J.S.A. 3A:35-5, and now repealed and superceded by N.J.S.A. 3B:28-2 and N.J.S.A. 3B:28-3.
[2] L. 1979, c. 483, § 1 and following; N.J.S.A. 3B:8-1 and following.
[3] Since Mr. Arnold did not cross-appeal, we do not have to decide whether he would have been entitled to a judgment against his wife and Anvil Realty, jointly and severally, for his share of the entire net proceeds of the sale.