**In re Johnny F. LUHR, Debtor.**

**Bankruptcy No. 95–20256.**

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Jan. 30, 1997.

As Amended Feb. 7, 1997.

Robert H. Baer, Brunswick, GA, for Debtor/Movant.

R. Michael Souther, Brunswick, GA, for Creditor.

Anne Moore, Interim Chapter 7 Trustee, Statesboro, GA.

## AMENDED MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Motion to Avoid Lien filed by Johnny F. Luhr ("Debtor"). An Objection to Motion to Avoid Lien was filed by George Rountree and C & S Bank n/k/a Nations Bank ("Creditors"). This Court conducted a hearing on December 12, 1996. At the close of that hearing, the Court took the matter under advisement.

This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(K). After considering the pleadings, evidence presented and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.*

### Findings of Fact

On January 27, 1994, W.O. Copeland, Sr. ("Grantor"), Debtor's father-in-law, transferred to Debtor a one-half undivided interest in certain real property used as the home place of Debtor and his wife. The other one-half interest was owned by his wife.[1] On June 30, 1994, a judgment in the amount of $4,765.99 (plus $48.00 in court costs) was entered against Debtor in favor of George M. Rountree in Georgia state court in Glynn County. On July 8, 1994, a *fi. fa.* was recorded in the Clerk's Office of the Superior Court of Glynn County. This judgment lien acted as a validly perfected lien on all property in which Debtor had an interest at that time and any property subsequently acquired by Debtor.

Months later, Debtor began having marital problems. As a consequence, on September 26, 1994, Debtor conveyed his one-half interest back to Grantor, Debtor's father-in-law. At that time, without considering the judgment lien, there was approximately $42,500.00 of equity in Debtor's one-half interest in the property. Since that time, Debtor has reconciled with his wife.

Debtor filed this Chapter 7 case on April 7, 1995. His spouse's family is not happy with having the property returned subject to the judgment lien. It is understandable that Debtor would be motivated to seek to have the lien avoided.

### Conclusions of Law

#### Lien Avoidance

The issue in this case is whether it is possible to avoid a judgment lien attaching to property in which Debtor had no ownership

---

* This memorandum opinion revises and replaces the memorandum opinion of January 30, 1997. The amended memorandum opinion eliminates former footnotes number 3 on page 4 and number 5 on page 5. Further, this amended memorandum opinion changes the date on page two from July 30, 1994 to June 30, 1994. In all other respects, the amended memorandum opinion is identical to the previous memorandum opinion.

1. As stipulated by the parties, the description of the property is "Lot 21, Phase I, Harrison Point Subdivision, St. Simons Island, Georgia." The deed was recorded in Deed Book 51-O, Page 319, Glynn County, Georgia records.

interest at the time of filing. Debtor argues that such a lien can be avoided under Bankruptcy Code Section 522(f) which states the following:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien. . . . [2]

■ In order to avoid a lien to the extent it impairs an exemption, it is a prerequisite there be a valid exemption. A debtor may exempt specified amounts from certain property which is property of the estate. 11 U.S.C. § 522(b). Property of the estate is defined in Bankruptcy Code Section 541 which states the following:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section,[3] all legal or equitable interests of the debtor in property as of the commencement of the case. . . .

■ Some "legal or equitable interests of the Debtor in [the] property" is a necessary prerequisite to any claim of exemption. In this case, Debtor did not have any interest in the property in question at the time of the bankruptcy petition filing. Debtor reconveyed his one-half interest in the property to Grantor on September 26, 1994. The bankruptcy petition was not filed until April 7, 1995. Since Debtor held no interest in the subject property when the petition was filed, the property is not property of the estate. Given that the property is not property of the estate, Debtor is not entitled to any exemption on the property. Debtor is asking the Court to avoid the judgment lien to the extent it impairs his exemption for the property. His exemption is not impaired because none exists. Therefore, the lien cannot be avoided under the provisions of Section 522(f).

### Equitable Non-ownership

■ In the alternative, Debtor argues that he never had any ownership in the property and that, as a result, the judgment lien should have never attached to the property. In support of this contention, Debtor suggests that Grantor originally conveyed the property to him subject to the requirement that he live "happily ever after" with his wife (daughter of Grantor).

The conveyancing instruments make no mention of any such restriction. Further, such a restriction does not commonly attach to in-law conveyances, even by implication. Such conveyances, made to enhance the financial standing and personal comfort of an offspring and his or her chosen mate, are rarely reversed, and never under color of law. Debtor's conveyance back to his wife's father after the onset of marital difficulties is no more indicative of any restriction on the initial transfer than it is a reflection of Debtor's honorable intentions. The former will not prevent this lien from attaching to the real property. The latter may save this Debtor's marriage and serve to salvage an asset more precious than the subject property here in dispute.

Debtor has not provided the Court with any cases in support of this theory, and neither has the Court been able to find any such cases through its own efforts. Therefore, the Court finds no merit to this claim of "equitable non-ownership."

### Conclusion

In conclusion, Section 522 does not allow Debtor to avoid the judgment lien because Debtor had no interest in the subject property at the time of the filing of the Chapter 7 petition. There was, however, a period of time when Debtor had an ownership interest in the subject property. During that time, the judgment lien properly attached to the

---

2. A number of inapplicable exceptions are omitted from the quoted material.

3. These exceptions are inapplicable in the present case.

property. Thereafter, when Debtor reconveyed his interest to Grantor, Grantor took such interest subject to the judgment lien.

An order in accordance with this opinion will be entered on this date.

### *ORDER*

In accordance with the memorandum opinion entered on this date, it is hereby

ORDERED that Debtor's Motion to Avoid Lien on property with the description "Lot 21, Phase I, Harrison Point Subdivision, St. Simons Island, Georgia" is hereby DENIED.