**In re Hector C. ROSA, Debtor.**

No. 00-59333.

United States Bankruptcy Court, D. New Jersey.

April 17, 2001.

Jacqueline R. Rocci, Metuchen, NJ, for Debtor.

John O'Boyle, Stern, Lavinthal, Frankenberg, Norgaard & Kapnick, LLC, Englewood, NJ, for Investors Savings Bank.

Robert M. Wood, Manasquan, NJ, Chapter 13 Trustee.

## *MEMORANDUM OPINION*

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by Investors Savings Bank ("Investors" or "mortgagee") for relief from the automatic stay to pursue execution of a foreclosure judgment. Debtor Hector C. Rosa opposes the motion. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). The issue is whether a debtor spouse who is not a mortgagor can bind a mortgagee of the nondebtor spouse under a chapter 13 plan on the basis of the debtor spouse's right to joint possession under N.J.S.A. 3B:28-3. This shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

The relevant facts are not in dispute. On October 25, 1996, Jackeline Rosa and her cousin Sonia Morales purchased property located at 425–429 Grove Street, in Perth Amboy, New Jersey (hereinafter the "property"). The note, purchase money mortgage and deed for the property each indicate that the owners of record are Jackeline Rosa and Sonia Morales (hereinafter the "mortgagors"). None of the relevant documents bear Mr. Rosa's name because he was unable to qualify for a mortgage. Mr. Rosa and his wife have, however, used the property as their martial residence since October 1996.

On January 31, 2000, Ms. Rosa filed a complaint for divorce in the Superior Court of New Jersey. For several months before the complaint was filed, Mr. Rosa lived outside of the property. In or before February 2001, Mr. Rosa moved back in to the property, at which time his wife left to establish a residence elsewhere in Perth Amboy, New Jersey.

Approximately three years after purchasing the property, the mortgagors defaulted on the mortgage. Investors then initiated foreclosure proceedings in the Superior Court of New Jersey, and obtained a final judgment of foreclosure on September 7, 2000. A sheriff's sale was then scheduled. On September 11, 2000, Mr. Rosa filed a petition for relief under chapter 13 of title 11, United States Code (the Bankruptcy Code), thereby staying the sale.

Schedule A of Mr. Rosa's petition, which lists all real property in which he has a legal, equitable or future interest, indicates that he has a "marital interest" in the property.[1] Schedule D of the petition,

---

1. On January 16, 2001, Mr. Rosa filed an adversary proceeding against the mortgagors wherein he alleges that he has been an owner of the property since the date his wife and Ms. Morales purchased it. In that proceeding,

Mr. Rosa seeks a determination, *inter alia*, that Ms. Morales has no estate, interest, lien or encumbrance on the property and that he and his wife have title to the property. Moreover, Mr. Rosa also requests an order requir-

which lists creditors holding secured claims, indicates that Investors holds a claim in the amount of $122,000 secured by a mortgage on the property. Mr. Rosa's proposed chapter 13 plan indicates that he seeks to cure the pre-petition arrears on Investors' mortgage through the plan. On November 30, 2000, Investors filed an objection to the confirmation of Mr. Rosa's plan. The hearing on confirmation of the plan has been adjourned pending the court's decision on this motion.

On January 4, 2001, Investors filed the motion for relief from the automatic stay which is the subject of this opinion. A hearing was held on February 21, 2001, after which the court reserved decision.

### CONCLUSIONS OF LAW

■ Chapter 13 of the Bankruptcy Code is entitled "Adjustment of debts of an individual with regular income." "The whole Chapter presupposes a debtor-creditor relationship." *In re Kelly*, 67 B.R. 508, 513 (Bankr.S.D.Miss.1986). A debt is a liability on a claim. *See* 11 U.S.C. § 101(12). A claim is a right to payment. *See* 11 U.S.C. § 101(5). A creditor is an "entity that has a claim against the debtor . . . ." 11 U.S.C. § 101(10)(A). A confirmed chapter 13 plan binds the debtor and his or her creditors to the adjustment of debts provided by the plan. *See* 11 U.S.C. § 1327(a). Because the debtor is not obligated on the note and mortgage to Investors, it has no claim against him. That does not, however, end the analysis of whether Investors is a creditor which can be bound by this debtor's plan.

■ In *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), the Supreme Court held that a

mortgage as to which the debtor's personal liability had been discharged in chapter 7 was subject to inclusion in a subsequent chapter 13 plan. The Supreme Court stated that "[e]ven after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." *Johnson,* 501 U.S. at 84, 111 S.Ct. 2150. *Johnson* interpreted "claim" for chapter 13 purposes as an obligation which "is enforceable against *either* the debtor *or* his property." *Johnson,* 501 U.S. at 85, 111 S.Ct. 2150 ( emphasis in original). Thus, if the residence in question is the debtor's property within the meaning of *Johnson,* Investors' mortgage is subject to inclusion in his plan.

The debtor's interest in the property under New Jersey law is his right to joint possession of the residence during the marriage under N.J.S.A. 3B:28–3. That statute states:

[a]s to real property occupied jointly by a married person with his or her spouse acquired on or after May 28, 1980, as their principal matrimonial residence, every married person shall be entitled to joint possession thereof with his or her spouse during their marriage, which right of possession may not be released, extinguished or alienated without the consent of both spouses except by judgment of a court of competent jurisdiction. All other real property owned by either spouse which is not the principal matrimonial residence may be alienated without the consent of both spouses.

A "right to joint possession" sounds like a tenancy. The court is not aware of any cases holding that a tenant can cure a default under the landlord's mortgage in

---

ing Ms. Morales to execute a deed conveying title to him and his wife. That adversary

proceedings is pending.

the tenant's chapter 13 plan. Thus, if the right to joint possession under N.J.S.A. 3B:28–3 was only a form of tenancy, that would presumably not be a sufficient property interest to modify a mortgagee's rights under a plan.

The right to joint possession is, however, more than a tenancy. "The statutory right conferred on each spouse by N.J.S.A. 3B:28–3 is more substantial than a mere right to live in the marital dwelling." *Arnold v. Anvil Realty Inv., Inc.,* 233 N.J.Super. 481, 486, 559 A.2d 444 (App.Div.1989). It was enacted concurrently with the repeal of dower and curtesy. *Id.* at 484, 559 A.2d 444. The right to joint possession makes the marital residence subject to equitable distribution upon dissolution of the marriage. *Id.* at 485, 559 A.2d 444. Conveyance of the marital residence by the spouse who holds title without the consent of the other spouse does not extinguish the other spouse's right to joint possession. *Id.* at 487, 559 A.2d 444. A purchaser who takes title with knowledge that the record owner is married, and who does not obtain the consent of the other spouse, is liable in damages to the other spouse on account of the right to joint possession. *Id.* *See also Pilone v. Blanda,* 226 N.J.Super. 397, 544 A.2d 439 (1988).

The court concludes from these authorities that the right to joint possession under N.J.S.A. 3B:28–3 is a form of property interest in the marital residence. As previously noted, the Supreme Court held in *Johnson* that if a claim is enforceable against property of the debtor, that claim can be modified under a chapter 13 plan even if the debtor is not personally liable to the lienholder. The court holds that the marital residence is "property of the debtor" who holds a right to joint possession of that property under N.J.S.A. 3B:28–3. Since Investors' motion was based on the argument that its mortgage cannot be subjected to the debtor's chapter 13 plan, the motion is denied. An order is enclosed.