**In re Joel H. COHEN and Maxine Cohen, Debtors.**

No. 01–50736.

United States Bankruptcy Court, D. New Jersey.

July 10, 2001.

Bunce Atkinson, Atkinson & DeBartolo, Red Bank, NJ, for Chapter 7 Trustee.

Eugene M. Rondeau, Toms River, NJ, for Debtors.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by Bunce D. Atkinson, the chapter 7 trustee for the bankruptcy estate of Joel H. Cohen and Maxine Cohen (hereinafter "debtors"), for an order denying an exemption claimed by Ms. Cohen, and reducing the homestead exemption claimed by Mr. Cohen. The debtors oppose the motion. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (O). This shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

The relevant facts are not in dispute. On January 23, 2001, debtors Joel H. Cohen and Maxine Cohen, husband and wife, filed a joint petition for relief under chapter 7 of title 11, United States Code (hereinafter "Bankruptcy Code"). Bunce D. Atkinson was appointed as the trustee (hereinafter "the trustee"). Schedule A of the debtors' bankruptcy petition indicates that Mr. Cohen owns a one-half fee interest in real property located at 1422 Isabella Court in Brick, New Jersey (hereinafter "the property"). According to Mr. Cohen, who testified at the first meeting of creditors on May 2, 2001, the remaining one-half interest in the property is owned by his mother Ida Cohen. Debtor Maxine Cohen does not have any legal ownership interest in the property. Schedule A also indicates that the market value of the property is $85,000 and that there is an outstanding mortgage of $10,000. There is therefore approximately $75,000 of equity in the property.

Two of the exemptions claimed by the debtors on Schedule C of the bankruptcy petition relate to the subject property. Schedule C indicates that Mr. Cohen claims an exemption under Bankruptcy Code § 522(d)(1) in the amount of $23,075. The debtors concede, however, that the proper amount of that exemption is $16,150. Schedule C also indicates that Ms. Cohen claims an exemption under Bankruptcy Code § 522(d)(5) in the aggregate amount of $8925. That figure consists of the $850 miscellaneous exemption and $8075 of the unused portion of the homestead exemption as authorized by § 522(d)(5). Therefore, the debtors seek to exempt from their respective bankruptcy estates a total of $25,075 of equity in the property.

On May 7, 2001, the trustee filed a motion for an order denying the exemption

claimed by Ms. Cohen and reducing Mr. Cohen's homestead exemption to $16,150. On the return date of June 18, 2001 the court reserved decision.

## CONCLUSIONS OF LAW

The trustee contends that Ms. Cohen cannot claim an exemption under § 522(d)(5) as it relates to the property because she does not have any ownership interest in the property. The debtors contend that despite Ms. Cohen's lack of ownership, she is still entitled to exempt $8925 of equity in the property. For the reasons that follow, the court agrees with the trustee.

■ Bankruptcy Code § 522, entitled "exemptions," was enacted to ensure that debtors come out of bankruptcy with adequate possessions to obtain a fresh start. *See In re Scarpino*, 113 F.3d 338, 340 (2d Cir.1997). An exemption is an interest of the debtor in the property that is withdrawn from the bankruptcy estate, and placed outside the reach of creditors. *See Naqvi v. Fisher*, 192 B.R. 591, 594 (D.N.H. 1995). Included among the exemptions is the miscellaneous or "wild card" exemption found at § 522(d)(5), which provides an exemption for "[t]he debtor's aggregate interest in any property, not to exceed in value $850 plus up to $8075 of any unused amount of the exemption provided under [§ 522(d)(1) ]." *See* 11 U.S.C. § 522(d)(5). Any property can be exempted under this subsection, provided that the property is part of the debtor's bankruptcy estate under Bankruptcy Code § 541. *See In re Smith*, 640 F.2d 888, 891 (7th Cir.1981).

■ In other words, a debtor must have an ownership interest in property before an exemption may be claimed. *See Matter of Cunningham*, 5 B.R. 709, 711 (Bankr.D.Mass.1980); *see also e.g., In re Montanez*, 233 B.R. 791, 795 (Bankr.E.D.Mich.1999)(*citing First Bank of Linden v. Sloma (In re Sloma)*, 43 F.3d 637, 640 (11th Cir.1995) (Debtor cannot exempt property that the debtor does not own.)); *In re Hartman*, 211 B.R. 899, 903 (Bankr.C.D.Ill.1997) ("It is a fundamental tenet of the law of exemptions that the debtor must have an ownership interest in the property before an exemption may be claimed."); *In re Luhr*, 205 B.R. 447 (Bankr.S.D.Ga.1997); *In re de Kleinman*, 172 B.R. 764 (Bankr.S.D.N.Y.1994) (Debtor waived exemption claim in insurance cause of action by voluntarily assigning it to her daughter); *In re Alden*, 73 B.R. 215 (Bankr.N.D.Fla.1986) (Debtor not permitted to exempt tax refund in which her husband had sole rights). In this context, an interest in property implies a monetary interest, and something more than a mere right to use and/or reside in the property. *See Matter of Cunningham*, 5 B.R. at 711; *see also In re Hartman*, 211 B.R. at 903 (*citing Matter of Freund*, 32 B.R. 622 (Bankr.W.D.Wis.1983)).

■ In joint cases each debtor presumptively has a separate estate. Bankruptcy Code § 302, entitled "joint cases," provides in part that "[a]fter the commencement of a joint case, the court shall determine the extent, if any, to which the debtor's estate shall be consolidated." *See* 11 U.S.C. § 302(b). Absent such substantive consolidation, the separate bankruptcy estate of a joint debtor consists only of property in which that debtor has a legal or equitable interest. *See Matter of Freund*, 32 B.R. at 623. Each of the joint estates, therefore, is a separate entity and the exemptions available to each co-debtor may only be claimed from his or her separate estate. *See Matter of Sharik*, 41 B.R. 388, 389 (Bankr.E.D.N.C.1984)(citing *In re Howard*, 6 B.R. 220, 223 (Bankr.S.D.Ohio 1980)); *see also* 11 U.S.C. § 522(m).

The debtors concede that Ms. Cohen has no ownership interest in the property. *See* Certification in Opposition to Notice of Motion Objecting to Exemption, dated June 12, 2001, pg. 1. They nevertheless rely on *Augustine v. United States,* 675 F.2d 582 (3d Cir.1982), for the proposition that a debtor who does not own property can nevertheless claim an exemption in that property. As the trustee points out, however, the *Augustine* case does not stand for the proposition attributed to it by the debtors. *Augustine* held that debtors could aggregate certain exemptions for purposes of lien avoidance under § 522(f). Moreover, the debtors in *Augustine* owned the subject equipment as tenants by the entireties. *Id.* at 585. Because nothing in *Augustine* negates the basic principles of bankruptcy law that (1) property does not become part of the estate if the debtor does not have an ownership interest in it at the time the case is commenced, and (2) exemptions may only be claimed in property of the estate, the decision does nothing to advance the debtors' position in this case.

There is, however, another issue which must be addressed to adjudicate this motion. Under New Jersey law, Ms. Cohen has a right to joint possession of the marital residence as long as she and her husband remain married. *See* N.J.S.A. 3B:28–3. The right to joint possession may not be " . . . released, extinguished or alienated without the consent of both spouses . . ." *See id.* This court has recently held that "the right to joint possession under N.J.S.A. 3B:28–3 is a form of property interest in the martial residence." *See In re Rosa,* 261 B.R. 136, 138 (Bankr. D.N.J.2001). The type of interest afforded by N.J.S.A. 3B:28–3 is, however, an insufficient basis upon which to assert a separate exemption. *See Matter of Cunningham,* 5 B.R. at 711; *see also In re Hartman,* 211 B.R. at 903 (*citing Matter of Freund,* 32

B.R. 622 (Bankr.W.D.Wis.1983))(holding an interest in property for purposes of § 522(d) implies a monetary interest, and something more than a mere right to use and/or reside in the property). Although the statutory right to joint possession of the marital residence is a form of property interest under New Jersey law, its existence depends upon the existence of the owner spouse's fee interest, and its value is some percentage of the value of the owner spouse's fee interest for purposes of equitable distribution under N.J.S.A. 2A:34–23. *See Arnold v. Anvil Realty Inv., Inc.,* 233 N.J.Super. 481, 484–5, 559 A.2d 444 (App. Div.1989) (affirming a determination that a right of joint possession under N.J.S.A. 3B:28–3 was equivalent to a 35% interest in residence as part of equitable distribution on the facts of that case). The total value of the non-owner spouse's right of joint possession plus the owner spouse's fee interest cannot exceed 100% of the value of such fee interest. In other words, in this case the total value of the interests of Mr. and Ms. Cohen in the property cannot exceed 50% of the property's total value, since Ida Cohen, Harold's mother, owns the other 50% of the title.

Since the right of joint possession is in economic terms a right to share in the value of the titleholder's interest, it follows for bankruptcy purposes that the right of joint possession cannot be the subject of a separate exemption claim under Bankruptcy Code section 522(d). It is, rather, a right to some equitable share of the owner spouse's exemption. Accordingly, Ms. Cohen is not entitled to her proposed exemption under § 522(d)(5) because her interest in the property is contingent upon, and an undetermined percentage of, Mr. Cohen's fee interest. It follows as a corollary that her interest in the exempt part of the property's value is also contingent upon, and an undetermined percentage of, Mr.

Cohen's exemption. Ms. Cohen is not entitled to a separate exemption of her own as she would be if she also was a title holder.

## CONCLUSION

For the foregoing reasons, the trustee's motion is granted to the extent that Ms. Cohen's exemption of an interest in the property under § 522(d)(5) is determined to be invalid. The debtors concede that Mr. Cohen's exemption under § 522(d)(1) is $16,150, and that portion of the trustee's motion is also granted. The trustee is to submit an order within ten days.